UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| The Travelers Property Casualty Company of America, *as subrogee of Proterra, Inc.*, and Travelers Indemnity Company of Connecticut, *as subrogee of Proterra, Inc.*,<br><br>    Plaintiff,<br><br>-vs-<br><br>LG Chem, Ltd., LG Chem Power, Inc., and LG Chem Michigan, Inc., *as successor in interest to* LG Chem Power, Inc.,<br><br>    Defendants. | C/A No. 6:18-cv-01728-DCC<br><br>**ORDER FOR FILING SUPPORTING EXHIBIT UNDER SEAL** |

This matter is before the Court on Plaintiffs' Consent Motion to File Supporting Exhibits under Seal. ECF No. 44. Plaintiffs submitted the exhibits for in camera review. For the reasons set forth in this Order, the Motion is granted and Plaintiffs are permitted to file the Supporting Exhibit under Seal.

## **LEGAL STANDARD**

In *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000), the Fourth Circuit recognized that a U.S. District Court has "supervisory power over its own records and may, in its discretion, seal documents if the public's right or access is outweighed by competing interests." *See also In re Knight Publishing*, 743 F.2d 231, 234 (4th Cir. 1984). There is a presumption in favor of public access to court records. *Ashcraft*, 218 F.3d at 302. A U.S. District Court, however, has discretion to seal court records if: (1) it gives public notice of the request to seal so as to allow interested parties a reasonable opportunity to object; (2) it considers less drastic alternatives to sealing the documents;

and (3) it provides specific reasons and factual findings supporting its decision to seal the documents and for rejecting alternatives.  *Id.*

## **CONCLUSIONS OF LAW**

Turning to the instant action, the Court finds that it is appropriate to seal the documents at issue based on these three criteria.

Regarding the first criteria, Local Civil Rule 5.03(D) (D.S.C.) provides that the docketing of a motion to seal in a manner that discloses its nature constitutes public notice of the motion.

Regarding the second criteria, due to the nature of the submitted documents—a technology review presentation containing data about the A7 Module, a one-page technical drawing, and a technical presentation concerning the life expectancy of the A7 Module—it would be difficult to adequately redact all the potentially sensitive information while retaining the necessary context of the provisions.  The documents contain confidential and proprietary information governed by a non-disclosure agreement.  Therefore, there are no less drastic alternatives other than sealing the document.

Regarding the third criteria, the documents concern matters that might give an advantage to competitors if made to be publicly available.  Therefore, the public's right to obtain this information is outweighed by the competing interest of Plaintiffs in keeping proprietary information regarding manufacture, design, and sale of the A7 Module secret.

## **CONCLUSION**

For the reasons set forth above, Plaintiffs' Consent Motion to File Supporting Exhibits under Seal is **GRANTED**. Plaintiffs are directed to file the Exhibits under seal.

IT IS SO ORDERED.

s/Donald C. Coggins, Jr.
                                                            United States District Judge

February 14, 2019
Spartanburg, South Carolina