IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| THE TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, as subrogee of Proterra, Inc., et al.,<br><br>Plaintiffs,<br>vs.<br><br>LG CHEM POWER, INC., et al.<br><br>Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 6:18-CV-01728-DCC<br><br><br><br><br><br><br><br>Confidentiality Order |

Whereas, the parties to this Consent Confidentiality Order ("parties"), have stipulated that certain discovery material is and should be treated as confidential, and have agreed to the terms of this order; accordingly, it is this 3rd day of December, 2019, ORDERED:

1. **Scope.** All documents produced in the course of discovery, including by non-parties, all responses to discovery requests and all deposition testimony and deposition exhibits and any other materials which may be subject to discovery (hereinafter collectively "documents") shall be subject to this Order concerning confidential information as set forth below.

2. **Definitions.**

a. *Protected Information*. The term "Protected Information" shall include all information that the designating party believes constitutes, discloses or relates to confidential or proprietary business information, including but not limited to (i) technical or design specifications and analyses; (ii) information related to or reflecting product testing; (iii) competitively sensitive strategic information, such as financial records, sales or shipment projections, or forward-looking business plans; or (iv) any other proprietary data or information of commercial value, such as trade

1

secrets. All documents that contain, reflect, suggest or otherwise disclose Protected Information shall also be deemed Protected Information.

b. *Producing Party*. The term "Producing Party" shall refer to any person that produces documents or other materials in discovery in this case, including non-parties.

c. *In-House Counsel*. The term "In-House Counsel" shall refer to attorneys who are employed by a party or a party's subrogor and who have no responsibilities relating to procurement, product design, or sales.

**3. Confidentiality Designations.** A Producing Party may designate Protected Information as either "Confidential" or "Highly Confidential," in accordance with the terms of this Paragraph.

a. *"Confidential" Designations*. All Protected Information may be designated as "Confidential".

b. *"Highly Confidential" Designations*. All Protected Information that might be of significant value to an actual or potential competitor of the Producing Party and the disclosure of which could reasonably place the Producing Party at a competitive disadvantage may be designated as "Highly Confidential".

**4. Form and Timing of Confidentiality Designations.**

a. *Documents*. Confidential documents shall be so designated by placing or affixing the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the document in a manner which will not interfere with the legibility of the document and which will permit complete removal of the designation. Documents shall be designated CONFIDENTIAL or "HIGHLY CONFIDENTIAL" prior to, or contemporaneously with, the production or disclosure of the documents. If an entire multi-page document is to be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," each page of such document shall be marked. Inadvertent or unintentional

production of documents without prior designation as Confidential or Highly Confidential shall not be deemed a waiver, in whole or in part, of the right to designate documents as such as otherwise allowed by this Order.

  b. *Other Materials*.  Any Protected Information that cannot be marked on its face shall be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by placing the appropriate legend on a container or package in which the Protected Information is produced or on a tag attached thereto.  Any Protected Information not reduced to documentary or physical form or that cannot be conveniently labeled shall be so designated by serving a written notification on the receiving party.

  c. *Depositions*.  In the case of depositions and the information contained in depositions (including exhibits), designation of the whole transcript or portions of the transcript (including exhibits) that contain Protected Information shall be made by letter from counsel within thirty (30) days of receipt of the deposition transcript, which identifies the designated testimony by page and line number.  If the testimony discloses the contents of material that a non-party designated as Protected Information, the person taking the deposition must consult that non-party to determine whether the affected portions of the testimony should be designated as Protected Information. The entire deposition transcript (including exhibits) shall be treated as "HIGHLY CONFIDENTIAL" under this Confidentiality Order until the expiration of the above-referenced thirty-day period for designation by letter, except that the deponent may review the transcript of his or her own deposition during this thirty-day period.  The parties may also agree to extend the time period for providing such designations.  Further, the notation, "Contains information designated [select one of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as appropriate]" shall be placed on the front of the deposition transcript, and, if the deposition is videotaped, on the DVD or other item with the video file; however, the designation will only apply to those specific

portions of the deposition that the party designates as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Designated parts are not to be used, copied, or disclosed except as authorized by this Order. Counsel retaining court reporters or videographers shall have the responsibility for ensuring their compliance with this paragraph. The parties agree that this provision does not limit: (1) attendance by In-House counsel at any deposition of a current or former employee of the In-House counsel's employer; and (2) attendance of any other person at a deposition, if agreed to by the parties in writing, in advance.

5. **Protection of Protected Information**

a. **General Protections.** Protected Information shall not be used or disclosed for any purposes whatsoever other than preparing for and conducting the litigation in which the documents were disclosed (including any appeal of that litigation), consistent with the terms of this Order.

b. **Limitations on Disclosure of Documents Designated as "Highly Confidential".** The parties and counsel for the parties shall not disclose or permit the disclosure of any documents designated HIGHLY CONFIDENTIAL under the terms of this Order, including copies, extracts, compilations or summaries of such documents, to any other person or entity except as set forth in subparagraphs (1)-(9) below. Subject to these requirements, the following categories of persons may be allowed to review documents which have been designated HIGHLY CONFIDENTIAL pursuant to this Order:

>   (1) outside counsel of record in this action, and contract attorneys employed or retained by such law firms for the purpose of this litigation;
>
>   (2) court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents;
>
>   (3) independent litigation support service personnel including copy or document processing vendors, litigation or jury consultants, outside exhibit or

demonstrative preparation companies, or litigation study groups retained by a party for litigation support in connection with this Litigation, provided that such persons or entities agree to be bound by this Order by signing a copy of the Acknowledgement and Agreement to be Bound attached as <u>Exhibit A</u>;

(4)    consultants or experts assisting Outside counsel, and their supporting personnel, provided that each such consultant or expert who agrees to be bound by this Order by signing a copy of the Acknowledgement and Agreement to be Bound attached as <u>Exhibit A</u>;

(5)    the Court and any members of its staff to whom it is necessary to disclose ""HIGHLY CONFIDENTIAL" Materials for the purpose of assisting the Court in this Litigation, as well as court reporters, typists, or videographers for the sole purpose of recording or transcribing testimony, documents, or information relating to this Litigation;

(6)    independent interpreters and translators, for the sole purpose of recording, transcribing, or translating testimony or documents relating to this Litigation;

(7)    any other persons upon consent of the Producing Party or upon order of the Court, provided they agree to be bound by this Order by signing a copy of the Acknowledgement and Agreement to be Bound attached as <u>Exhibit A</u>;

(8)    any person who is the author, addressee or recipient of the document, or in the case of meeting minutes, an attendee of the meeting, or any other person who would have likely reviewed such document during his or her employment as a result of the substantive nature of his or her employment position (unless the person indicates that he or she did not have access to the document); and

(9) In-House Counsel, provided they agree to be bound by this Order by signing a copy of the Acknowledgement and Agreement to be Bound attached as <u>Exhibit A.</u>

(10) any employee of [insert specific names of the at-issue Travelers' companies], provided they agree to be bound by this Order by signing a copy of the Acknowledgement and Agreement to be Bound attached as <u>Exhibit A</u>.

c. **Special Notice Procedures for Depositions**

1. Notwithstanding the other provisions of this Order, a person who has been noticed or subpoenaed to testify at deposition but who is not identified in Section 5(b) may be shown a Highly Confidential or Confidential document during preparation for his or her deposition, provided that such document(s) are identified by the Producing Party (the party that designated the document(s) as Highly Confidential or Confidential) at least seven (7) days in advance of the deposition and the witness agrees to be bound by this Order by signing a copy of the Acknowledgement and Agreement to be Bound attached as <u>Exhibit A</u>.

2. If a Producing Party provides the notice described in Paragraph 5.c.1, a Non-Producing Party may respond within three (3) days with notice of its intent to prepare the witness for his or her deposition with other Highly Confidential or Confidential documents produced by the Producing Party, which are related to the same subject matters of the documents identified in the notice provided under Paragraph 5.c.1. The Producing Party shall have one day to respond to such notice with objections to such disclosures. If the Producing Party objects, the deposition shall be held in abeyance until (i) the parties have met and conferred and resolved the dispute; or (ii) the Court has ruled on whether the witness may be shown the identified documents. A witness may not be shown any documents identified pursuant to this Paragraph until the deadline for the Producing Party's objection passes, there has been no objection asserted or a Court ruling,

and the witness agrees to be bound by this Order by signing a copy of the Acknowledgement and Agreement to be Bound attached as <u>Exhibit A</u>.

3. If advance notice is not provided and a Highly Confidential or Confidential is introduced during a deposition, then, consistent with Local Rule 30.04(H), the witness and witness's counsel may have a reasonable amount of time to discuss the documents before the witness answers questions concerning the documents.

4. For avoidance of doubt, nothing in this order prevents a Producing Party from sharing its own Highly Confidential or Confidential information with its own employees, and nothing prevents Proterra from sharing its own Highly Confidential or Confidential documents with Travelers or any other party as it sees fit.

d. **Limitations on Disclosure of Documents Designated as "Confidential".** Materials designated as "CONFIDENTIAL" pursuant to this Order, including copies, extracts, compilations or summaries of such Materials, may be disclosed to any individual falling within the scope of Paragraph 5(b) above, as well as employees of a party or a party's subrogor.

e. **Designated Documents Otherwise Available.** The limitations on the disclosure of documents designated Confidential or Highly Confidential shall not apply to copies of such designated documents existing in the public domain or which were previously in the possession of any party, person, or entity not marked as confidential even if the identical document produced during discovery was designated by a party as Confidential or Highly Confidential.

f. **Current or Former Company Employees.** Notwithstanding the other provisions of this Order, Travelers may show any current or former LGCPI employee in a deposition any document produced by LGCPI, and LGCPI may show any current or former Proterra employee in a deposition any document produced by Proterra, provided that former employee-witnesses agree to

be bound by this Order by signing a copy of the Acknowledgement and Agreement to be Bound attached as Exhibit A.

6. **Control of Documents.** Counsel for the parties shall take reasonable efforts to prevent unauthorized disclosure of documents designated as Confidential or Highly Confidential pursuant to the terms of this Order. Counsel shall maintain a record of those persons, including employees of counsel, who have reviewed or been given access to the documents along with the originals of the forms signed by those persons acknowledging their obligations under this Order.

7. **Copies.** All copies, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies"), of documents designated as Confidential or Highly Confidential under this Order or any portion of such a document, shall be immediately affixed with the designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" if the word does not already appear on the copy. All such copies shall be afforded the full protection of this Order.

8. **No Limitations on Producing Party's Use of Its Own Documents.** Nothing contained in this Order shall preclude any Producing Party from using or disclosing its own Protected Information in any manner it sees fit, without prior consent of any party or the Court. Nothing in this Order shall restrict any party's counsel from rendering advice to its clients with respect to this Litigation and, in the course thereof, relying upon Protected Information, provided that in rendering such advice counsel shall not disclose any other Producing Party's Protected Information other than in a manner expressly permitted under the terms of this Order.

9. **Filing of Protected Information.** In the event a party seeks to file any material that is subject to protection under this Order with the Court, that party shall take appropriate action to ensure that the documents receive proper protection from public disclosure including: (1) filing a redacted document with the consent of the party who designated the document as Confidential or Highly Confidential; (2) where appropriate (*e.g.* in relation to discovery and evidentiary motions),

submitting the documents solely for *in camera* review; or (3) where the preceding measures are not adequate, seeking permission to file the document under seal pursuant to the procedural steps set forth in Local Civil Rule 5.03, DSC, or such other rule or procedure as may apply in the relevant jurisdiction. Absent extraordinary circumstances making prior consultation impractical or inappropriate, the party seeking to submit the document to the Court shall first consult with counsel for the party who designated the document as Confidential or Highly Confidential to determine if some measure less restrictive than filing the document under seal may serve to provide adequate protection. This duty exists irrespective of the duty to consult on the underlying motion. Nothing in this Order shall be construed as a prior directive to the Clerk of Court to allow any document to be filed under seal. The parties understand that documents may be filed under seal only with the permission of the Court after proper motion pursuant to Local Civil Rule 5.03. If a party intends to reveal Protected Information of another Producing Party during a court appearance or hearing which is open to the public, the party intending to reveal such Protected Information shall provide the Producing Party with reasonable notice and opportunity to object to the public disclosure of the Protected Information, unless consent from the Producing Party is previously obtained. The use of Protected Information at trial shall be addressed in the final pretrial order.

10. **Greater Protection of Specific Documents.** No party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an Order providing such special protection.

11. **Challenges to Designation as Confidential.** Any confidentiality designation is subject to challenge. The following procedures shall apply to any such challenge.

    a.    The burden of proving the necessity of a Confidential or Highly Confidential designation remains with the party asserting confidentiality.

b.  A party who contends that documents designated for protection are not entitled to Confidential or Highly Confidential treatment shall give written notice to the party who affixed the designation of the specific basis for the challenge. The party who so designated the documents shall have twenty-one (21) days from service of the written notice to respond. If a dispute remains regarding the designation after that time, the challenging party may seek appropriate relief from the Court.

c.  Notwithstanding any challenge to the designation of documents as confidential, all material previously designated CONFIDENTIAL or HIGHLY CONFIDENTIAL shall continue to be treated as subject to the full protections of this Order until one of the following occurs:

(1)  the party who claims that the documents are confidential withdraws such designation in writing;

(2)  the court rules that the documents should no longer be designated as confidential information.

d.  Challenges to the confidentiality of documents may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

12. The inadvertent failure by a Producing Party to designate specific documents as containing Protected Information shall not be deemed a waiver in whole or in part of a claim of confidentiality as to such documents. Upon notice to the receiving party of such failure to designate, the receiving party shall cooperate to restore the confidentiality of the inadvertently undesignated information. No showing of error, inadvertence, or excusable neglect shall be required for re-designation. Upon receipt of properly re-designated documents, the receiving party shall, within ten (10) calendar days, either return to counsel for the Producing Party all versions of the documents that were not

designated as Protected Information, or certify in writing that all such copies have been destroyed (other than inadvertently undesignated information that is stored on back-up tapes or other archival media, which should be over-written or deleted in accordance with standard retention schedules and not further accessed until such time as it is deleted or overwritten).

13. **Inadvertent Disclosure of Privileged Discovery Material.**

    1.    The inadvertent production of documents subject to the attorney-client privilege or work-product immunity (collectively "Privileged Materials") shall not constitute a waiver, in whole or in part, of the Producing Party's claim of privilege or immunity. Pursuant to Fed. R. Evid. 502(b) and Fed. R. Civ. P. 26(b)(5)(B), no more than ten (10) calendar days after receiving written notice from the Producing Party that Privileged Materials have been inadvertently produced, the receiving party:

    a. shall return to counsel for the Producing Party or destroy the specified Privileged Materials and any copies (other than Privileged Materials that are stored on back-up tapes or other archival media, which should be over-written or deleted in accordance with standard retention schedules and should not be restored or further accessed until such time as it is deleted or overwritten);

    b. shall not use or disclose the Privileged Materials until the claim is resolved; and

    c. shall take reasonable steps to retrieve the Privileged Materials if the party disclosed such Materials before being notified.

    2.    If the receiving party intends to challenge the Producing Party's assertion of privilege or immunity, it must provide written notice to the Producing Party within ten (10) calendar days following its receipt of notice of the claim of privilege or immunity. A receiving party may not review, use, or rely on inadvertently produced documents when challenging a claim of privilege. Pending the Court's ruling on the matter, the party challenging the assertion of

privilege shall segregate the specified Privileged Materials, place them in a sealed envelope or other sealed container and shall not make any use of such documents, electronically stored information, or tangible things, except for purposes of challenging the assertion of privilege or immunity. The Producing Party must preserve the Privileged Materials until the claim is resolved. In any subsequent motion to compel production of the inadvertently produced document, the receiving party shall not rely upon in any manner or assert as a ground for ordering production the fact, circumstances, or contents of the inadvertent production.

14. **Treatment on Conclusion of Litigation.**

   a. *Order Remains in Effect*. All provisions of this Order restricting the use of documents designated CONFIDENTIAL or HIGHLY CONFIDENTIAL shall continue to be binding after the conclusion of the litigation unless otherwise agreed or ordered.

   b. *Return of Protected Information*. Within sixty (60) days after the conclusion of the litigation, including conclusion of any appeal, all documents treated as Protected Information under this Order, including copies as defined above (¶6.d.) shall be returned to the Producing Party unless: (1) the document has been entered as evidence or filed (unless introduced or filed under seal); (2) the parties stipulate to destruction in lieu of return; or (3) as to documents containing the notations, summations, or other mental impressions of the receiving party, that party elects destruction. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product including an index which refers or relates to Protected Information so long as that work product does not duplicate verbatim substantial portions of the text of Protected Information. This work product continues to be Confidential or Highly Confidential under the terms of this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose the confidential documents. In addition

and notwithstanding the foregoing: (1) attorneys will be entitled to retain a set of all documents filed with the Court and all correspondence generated in connections with the Action; (2) with respect to electronically stored information ("ESI"), those permitted access to documents pursuant to this Order need not destroy backup media so long as there is a data destruction policy for the backup media that will result in overwriting or destruction of that data.

15. **Order Subject to Modification.** This Order shall be subject to modification on motion of any party or any other person who may show an adequate interest in the matter to intervene for purposes of addressing the scope and terms of this Order. The Order shall not, however, be modified until the parties shall have been given notice and an opportunity to be heard on the proposed modification.

16. **No Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any specific document or item of information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL by counsel is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as a document-specific ruling shall have been made.

17. **Persons Bound.** This Order shall take effect when entered and shall be binding upon: (1) counsel who signed below and their respective law firms; and (2) their respective clients. When serving subpoenas on non-parties, a copy of this Order shall be included. Non-parties who produce information in this Litigation may avail themselves of the provisions of this Confidentiality Order.

18. **Third Party Requests.** Any party or person in possession of Protected Information who receives a subpoena (or other process) from any person (including natural persons, corporations, partnerships, firms, governmental agencies, departments or bodies, boards or associations) who is

not a party to this Confidentiality Order, which subpoena seeks production or other disclosure of such Protected Information, shall promptly, but at least ten (10) business days before making any production of Protected Materials, give written notice by email or overnight mail delivery to counsel for the Producing Party identifying the Materials or Information sought and enclosing a copy of the subpoena or other process. The party or person receiving the subpoena shall also inform the person seeking the Protected Information that such information is confidential, subject to this Confidentiality Order, and may not be disclosed without either (i) the consent of the Source or (ii) a Court order. The person subject to the subpoena or other process shall not produce or disclose the requested information until ordered to do so by a court of competent jurisdiction.

IT IS SO ORDERED.

s/Donald C. Coggins, Jr.
United States District Judge

December 3, 2019
Spartanburg, South Carolina

# EXHIBIT A

## ACKNOWLEDGMENT OF UNDERSTANDING
## AND
## AGREEMENT TO BE BOUND

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| THE TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, as subrogee of Proterra, Inc., et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>LG CHEM POWER, INC., et al.,<br><br>Defendants | Civil Action No. 6:18-CV-01728-DCC<br><br><br><br><br><br><br><br>Confidentiality Order |

The undersigned hereby acknowledges that he or she has read the Confidentiality Order in the above captioned action, understands the terms thereof, and agrees to be bound by such terms. The undersigned submits to the jurisdiction of the United States District Court for the District of South Carolina in matters relating to the Confidentiality Order and understands that the terms of said Order obligate him/her to use discovery materials designated CONFIDENTIAL or solely for the purposes of the above-captioned action, and not to disclose any such confidential information to any other person, firm or concern.

The undersigned acknowledges that violation of the Stipulated Confidentiality Order may result in penalties for contempt of court.

Name:

Job Title:

Employer:

Business Address:        [

Date:                                                                                    Signed: _____